# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:96CR00054 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | |
| | ) | |
| **VINCENT SCRUGGS**, | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

*Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.[1]

I will overrule the government's objections.

---

[1] This district is reported to have the fourth largest number of defendants who qualify for a reduction in sentence under the Sentencing Commission's policy on retroactivity. Unfortunately, it appears that the United States Attorney for this district is objecting to reduction in *every case*, even those which provide for a reduction in sentence of only a few months. While the Department of Justice opposed the retroactivity of the amended guidelines, once the Sentencing Commission unanimously decided on retroactivity—a decision which Congress has not overruled—a per se objection to any reduction does not serve the public interest. For example, the court is required to consider the public safety in determining whether to reduce a particular sentence, *see* USSG § 1B1.10 cmt. n.1(B)(ii) (Mar. 3, 2008), and the government's blanket objection in all cases does not assist the court in making that decision, and, in fact, hinders it.

The government's objections may be separated into three groups. First, the government emphasizes the conduct underlying the conviction, including the amount of crack cocaine for which the defendant was responsible and the fact that the defendant carried a firearm during the life of the crack cocaine conspiracy. Second, the government points out that the defendant's criminal history includes a Virginia conviction for possession with intent to distribute cocaine. Finally, the government contends that the defendant's behavior while incarcerated militates against a reduction.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level is calculated by referencing, inter alia, the amount of crack cocaine for which the defendant was responsible, the defendant's role in the offense, and whether the defendant possessed a firearm. In this case, the defendant received a two-level enhancement for possession of a firearm and a four-level enhancement for being an organizer or leader of the conspiracy. Additionally, the defendant was held responsible for not more than 34 grams of crack cocaine, pursuant to a plea agreement with the government. This court will not undermine that agreement eleven years after the fact by holding the defendant responsible for 1,020 grams of crack cocaine, as the government suggests.

With regard to the defendant's criminal history, the guidelines provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category V and his guideline range was calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

The government's final argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release him into the community. In support of this argument, the government explains that the defendant "has been involved in numerous incidents of misconduct including drug incidents." Absent any details regarding the incidents, I will not find that the defendant's post-sentencing conduct is significant enough to bar a reduction of his sentence.

Infractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community. Accordingly, the Bureau of Prisons has the discretion to grant or withhold good time, giving some inmates the opportunity to eliminate fifteen percent of the total sentence imposed by the court. Nothing in my ruling today changes that. If the Bureau of Prisons has determined

that the defendant's infractions warrant a reduction in his good time, then the defendant may be required to serve the entirety of his new sentence in prison. Furthermore, if the government decides that deprivation of good time is an insufficient penalty for an infraction, then it has the option of prosecuting an inmate for the crimes he committed in prison.

    A separate judgement will be entered.

                                    Dated: March 10, 2008

                                    /S/ JAMES P. JONES
                                  Chief United States District Judge